IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | 1:13-CR-338-CAP-RGV |
| ENKELEON MANATI | : | (SUPERSEDING) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Enkeleon Manati ("defendant"), through his retained counsel, has filed a "Motion to Proceed *In Forma Pauperis* for Appeal," [Doc. 72], which has been referred to the undersigned, see [Doc. 79]. For the reasons that follow, it is **RECOMMENDED** that the motion be **DENIED**.[1]

Rule 24 of the Federal Rules of Appellate Procedure provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court" and attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security of fees and costs;
>
> (B) claims an entitlement to redress; and

---

[1] On the same day defendant filed this motion, his counsel also filed a motion to withdraw as attorney on appeal, [Doc. 71], but the Court denied his motion to withdraw, [Doc. 78]. Thus, to the extent defendant's motion to proceed on appeal in forma pauperis also seeks to have counsel appointed to represent him on appeal, see [Doc. 72 at 1, 3], the motion for appointed counsel is also due to be **DENIED**.

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).  Defendant's motion to proceed in forma pauperis for appeal does not satisfy the requirements of Rule 24 as the affidavit attached to the motion does not provide all the details prescribed by Form 4 of the Appendix of Forms. See [Doc. 72-1]. Most significantly, the affidavit does not state the issues that defendant intends to present on appeal.  See [id.].  Therefore, the Court cannot find that the appeal is taken in good faith.  Moreover, although defendant has provided some information regarding his financial circumstances, he has not provided the level of detail prescribed by Form 4 of the Appendix of Forms.[2]

Finally, even considering the financial information that defendant has provided, it is not apparent that he is entitled to proceed in forma pauperis on

---

[2] In particular, Form 4 of the Appendix of Forms requires the movant to provide information regarding: (1) his income and the sources thereof; (2) his employment history for the past two years; (3) the amount of cash he has, including any money he has in bank accounts or in any other financial institution; (4) his assets, including homes and motor vehicles; (5) all money owed to him by others; (6) individuals he supports financially; (7) his average monthly expenses; (8) whether he expects any major changes to his monthly income or expenses or in his asserts and liabilities during the next 12 months; and (9) any attorney's fees paid in connection with the case.  See Fed. R. App. P. Form 4.  Although defendant has stated that he is not employed and he has provided some information regarding his assets and his dependents, he has not provided all of the information requested in Form 4, including his employment history for the last two years, if any; any information regarding his living arrangements and any obligations with respect thereto; whether he is owed any money from others; or the individual and total amounts of his average monthly expenses.  See [Doc. 72-1].

appeal as the affidavit indicates that he has $9,500.00 in cash on hand or money in savings or checking accounts and he has no known living expenses since he is incarcerated.  See United States v. Slater, 96 F. R. D. 53, 54 (D. Del. 1982) (citations omitted) ("The mere assertion of poverty . . . does not serve as a substitute for indigency" and the Court "must be careful to insure the availability of the federal judicial system to truly indigent persons").  Because defendant has not satisfied the requirements of Rule 24 of the Federal Rules of Appellate Procedure, he has not shown that he is entitled to proceed in forma pauperis, and the Court is unable to certify that the appeal is taken in good faith, it is **RECOMMENDED** that defendant's "Motion to Proceed *In Forma Pauperis* for Appeal," [Doc. 72], be **DENIED**.

    **SO ORDERED** this 9th day of December, 2014.

                                                               */s/ Russell G. Vineyard*
                                                       RUSSELL G. VINEYARD
                                                       UNITED STATES MAGISTRATE JUDGE